IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| SUMMERS MANUFACTURING COMPANY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>TRI-COUNTY AG, LLC and TRI COUNTY IRON, LLC<br><br>Defendants. | Civil No. _____<br><br><br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Summers Manufacturing Company, Inc. ("Summers") brings this Complaint for Patent Infringement against Defendants Tri-County Ag, LLC and Tri County Iron, LLC (together "Tri-County").

## NATURE OF THIS ACTION

1.  This is an action for judgment of patent infringement pursuant to United States Patent Law, 35 U.S.C. § 100 *et seq*.

## PARTIES

**A.  Plaintiff**

2.  Summers is a corporation organized and existing under the laws of the State of North Dakota, with its principal place of business at 103 Summers Street, Devils Lake, North Dakota 58301.

3.  Summers is the owner by assignment of all rights, title and interest in U.S. Patent Nos. 9,326,439 ("the '439 patent") and 9,462,737 ("the '737 patent"), both of which are entitled

1

"Agricultural Implement with a Scraper Internal to a Rolling Basket." True and correct copies of the '439 and '737 patents form Exhibits A and B, hereto, respectively.

4.  Summers manufactures and sells farm equipment, including harrows and other tillage implements, and also various tillage attachments, including a Mounted Rolling Basket attachment ("the Summers Basket"), the technology of which is the subject of the present dispute. The Summers Basket practices and is covered by the '439 and '737 patents.

**B.  Defendants**

5.  On information and belief, Defendant Tri-County Ag, LLC is an Iowa limited liability company with its principal place of business at 163 335th Street, Perry, Iowa 50220.

6.  On information and belief, Defendant Tri County Iron, LLC is an Iowa limited liability company with its principal place of business at 13773 North Avenue, Bouton, Iowa 50039.

7.  On information and belief, Tri-County manufactures and sells a mud scraper aftermarket kit ("the Accused Scraper Kit") designed to be retrofitted to a John Deere 2720 or 2730 Model rolling basket ("the John Deere Basket") (assembled together, "the Accused Retrofit Basket").

**JURISDICTION AND VENUE**

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.  On information and belief, Tri-County is subject to personal jurisdiction in the District of North Dakota, consistent with the principles of due process and the North Dakota Long Arm Statute, on the basis that Tri-County offers its products and services for sale in North

Dakota, has transacted business in North Dakota, and has contracted to supply goods in North Dakota.

10. On information and belief, Tri-County has committed and contributed to acts of patent infringement in North Dakota by placing the Accused Scraper Kit into the stream of commerce through established dealer distribution channels with the expectation that such products will be purchased by residents of North Dakota.

11. On information and belief, Tri-County has committed and contributed to acts of patent infringement in North Dakota, by offering for sale the Accused Scraper Kit directly to North Dakota residents through its commercial website http://www.tri-countyag.com/tri-countyiron.php ("the Tri-County website").

12. On information and belief, the Tri-County website is an online retail outlet that sells the Accused Scraper Kit directly to end-users, including residents of North Dakota. On information and belief, the Tri-County website is an interactive site that solicits orders and fully integrates and supports online transactions for the purchase and shipment of the Accused Scraper Kit. On information and belief, the Tri-County website has a "Customer Login" function that electronically stores customer payment information and shipping address.

13. On information and belief, the Tri-County website allows end-users, including residents of North Dakota to electronically purchase the Accused Scraper Kit, in competition with, and to the detriment of, Summers.

14. On information and belief, Tri-County has committed and contributed to acts of patent infringement in North Dakota, by promoting and offering for sale the Accused Scraper Kit directly to residents in this North Dakota and other States through an interactive Facebook page https://www.facebook.com/tricountyiron ("the Tri-County Facebook Page") on an account

registered to Tri-County. Tri-County uses the Tri-County Facebook Page as a means to solicit prospective customers and direct them to the Tri-County website to purchase the Accused Scraper Kit. The page displays photographs and imbeds demonstration videos of the Accused Scraper Kit and Accused Retrofit Basket. Tri-County posts a number of solicitations statements, including contact phone number, on the Tri-County Facebook Page, including:

> "Are you tired of your rolling baskets getting plugged up with mud? Tri-County Iron has the solution for you."

> "Here is a video of the mud scraper in action. Contact us to see if we can help you out!"

> "Contact us today about our John Deere ripper mud scraper!!!

(Exhibit C, paginated Tri-County Facebook Page posts, at pp. 2, 3, and 6.)

15. On information and belief, Tri-County actively solicits business through the Tri-County Facebook Page by assiduously responding to inquiries or comments posted to the comments section of the Tri-County Facebook Page by prospective customers, including residents of North Dakota.

16. On information and belief, Tri-County has communicated with one or more North Dakota residents regarding the Accused Scraper Kit.

17. On information and belief, on September 3, 2016, a Tri-County representative solicited a North Dakota resident through the Tri-County Facebook Page, encouraging the resident to consider the Accused Scraper Kit over the Summers Basket. (Exhibit C at p. 5.) During the solicitation, the Tri-County representative suggested that the Summers Basket was inferior based on the false claim that "[t]hey don't make one for a Deere." (*Id.*)

18. Contrary to this claim, however, the Summers Basket has a universal attachment which is indeed designed for attachment to John Deere tillage equipment. This provides one example of the dual harm suffered on account of Tri-County's infringing activities in North Dakota. In sum, (1) Tri-County solicited a resident of North Dakota in direct competition with Summers; and (2) Tri-County made a disparaging, yet false claim about the Summers Basket.

19. For all the foregoing reasons, Tri-County is subject to personal jurisdiction in the District of North Dakota.

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

A. **Summers and the Patented Summers Basket**

21. Summers was started by Harley Summers in 1965, after he acquired the patent rights to Goebel truck and pickup hoists, which Summers manufactured at a facility it built in Maddock, North Dakota.

22. Summers first began manufacturing and selling farm equipment in 1970 when it introduced the Herman Harrow to its product line. The Herman Harrow was a heavy-duty tillage harrow that Mr. Summers co-developed with local farmer Ardon Herman. The Herman Harrow was a tremendous commercial success for Summers. To meet outsized demand for the Herman Harrow, Summers built a new manufacturing facility and office building on twenty-four acres in Devils Lake, North Dakota. The Devils Lake site is Summers's current headquarters.

23. Over the years, Summers has both expanded its tillage line of products and diversified into other agricultural product lines. Summers tillage lines expanded to include the Superharrow, Diamond Disk, Variable Rate Tillage, Chisel, Packer, Chopper, Coulter Disk, and

Weeder lines of products. Summers also added sprayer and applicator equipment, rock pickers, and land rollers to its agricultural line of products.

24. Today, Summers is recognized as a leading manufacturer and innovator in the tillage tool industry. This success is based, in large part, on Summers' commitment to invest in research and development, which has yielded a number of patented innovations.

25. One of those innovations is the Summers Basket, which was invented and developed by Summers' engineer Travis Westlind. The Summers Basket practices, and is covered by, the subject '439 and '737 patents.

26. The Summers Basket was launched in 2013. Unlike any other rolling baskets on the market at the time, Summers Baskets were equipped with internally mounted mud scrapers to keep the baskets clean for continuous high performance, even in the wettest conditions. This made the Summers Basket an ideal field finishing option for breaking up clumps, leveling the soil and seedbed preparation in most operations. The Summers Baskets are compatible with a wide variety of tillage equipment manufactured and sold by Summers, as well as tillage equipment offered by other manufacturers, including John Deere.

27. Summers has given notice to the public that the Summers Basket is patented by marking each Summers Basket in accordance with the provisions of 35 U.S.C. § 287.

**B.  Tri-County's Infringing Product and Activities**

28. On information and belief, sometime after Summers introduced the Summers Basket, Tri-County began selling the Accused Scraper Kit specifically designed to be retrofitted to John Deere Baskets to make the Accused Retrofit Basket assembly.

29. On information and belief, Tri-County has assembled the Accused Scraper Kit into the Accused Retrofit Basket for purposes of, *inter alia*, demonstrating the operation,

performance and function of the Accused Scraper Kit to potential customers and dealers and for the purpose of making promotional videos, advertising and photographs. (*See* Ex. C at pp. 2-3. *See also*, https://www.youtube.com/watch?v=s7S-jTdk3HA;

https://www.youtube.com/watch?v=wUDHKlFZ5do;

https://www.facebook.com/tricountyiron/videos/pcb.1751114368471822/1751114138471845/?type=3&theater.)

30. On information and belief, Tri-County provides instructions and drawings directing purchasers on how to make the Accused Retrofit Basket. (*See* Ex. C at p. 4.)

31. On information and belief, Tri-County advertises and promotes the infringing use of the Accused Retrofit Basket through its commercial, fully interactive website (http://www.tri-countyag.com/tri-countyiron.php) and YouTube and Facebook photographs and videos. (*See generally* Ex. C. *See also* paragraph 28, *supra*.)

32. On information and belief, Tri-County provides sales and technical support to assist its customers in making and using the infringing Accused Retrofit Basket.

33. On information and belief, the Accused Scraper Kit has no use other than for assembly into the Accused Retrofit Basket.

34. On information and belief the Accused Scraper Kit is a material component of the Accused Retrofit Basket.

**C.     Infringement of the '439 Patent**

35. The Accused Retrofit Basket meets each limitation of at least claim 1 of the '439 patent as discussed in Exhibit D and below.

36. In particular, as illustrated in Figure 1, the Accused Retrofit Basket has a basket structure including a plurality of blades extending from one end to an opposing end along a major axis of the basket structure, as set forth in claim 1 of the '439 patent:



Figure 1

37. As shown in Figure 1, the blades of the Accused Retrofit Basket defines an inner chamber of the basket structure, the inner chamber being accessible via a plurality of openings provided between portions of the blades, as set forth in claim 1 of the '439 patent.

38. The basket structure of the Accused Retrofit Basket is configured to rotate around the major axis, as set forth in claim 1 of the '439 patent.

(See https://www.youtube.com/watch?v=s7S-jTdk3HA.)

39. As illustrated in Figure 2, the Accused Retrofit Basket has a stationary blade disposed in the inner chamber of the basket structure, as set forth in claim 1 of the '439 patent. In operation, the stationary blade breaks up material from the inner chamber as the basket

structure is rotated around the major axis and the material is removed from the inner chamber of the basket structure *via* the openings in between the blades of the basket structure, as set forth in claim 1 of the '439 patent. (*See* https://www.youtube.com/watch?v=wUDHKlFZ5do.)



Figure 2

The stationary blade of the Accused Retrofit Basket is stationary relative to the basket structure which rotates, as set forth in claim 1 of the '439 patent. (*See* https://www.youtube.com/watch?v=s7S-jTdk3HA.)

40. As illustrated in Figure 3, the Accused Retrofit Basket has a support bar extending substantially parallel to the major axis of the basket structure, as set forth in claim 1 of the '439 patent.



Figure 3

41.     As illustrated in Figure 3, the Accused Retrofit Basket has support arms connected to the support bar and the basket structure and configured to allow rotation of the basket structure, as set forth in claim 1 of the '439 patent.

42.     As illustrated in Figure 2, the Accused Retrofit Basket has sleeves connected to the support arms, as set forth in claim 1 of the '439 patent.

43.     The stationary blade of the Accused Retrofit Basket is connected to the sleeves on the support arms so that the stationary blade is stationary with respect to the basket structure when the basket structure rotates, as set forth in claim 1 of the '439 patent.  (*See* https://www.facebook.com/tricountyiron/videos/pcb.1751114368471822/1751114138471845/?type=3&theater.)

**D.    Infringement of the '737 Patent**

44.     The Accused Retrofit Basket meets each limitation of at least claim 1 of the '737 patent as discussed in Exhibit D and below.

45. As illustrated in Figures 1 and 2, the Accused Retrofit Basket has a rolling basket with an inner chamber having outer ring plates at each end of the inner chamber, as set forth in claim 1 of the '737 patent.

46. As illustrated in Figure 2, the Accused Retrofit Basket has a scraping assembly for being disposed in the inner chamber, as set forth in claim 1 of the '737 patent.

47. As illustrated in Figure 3, the Accused Retrofit Basket has supporting arms supporting the rolling basket, as set forth in claim 1 of the '737 patent.

48. The Accused Retrofit Basket has an elongated scraping edge having a first and an opposing end and extending between the ends of the inner chamber, as set forth in claim 1 of the '737 patent.

49. As illustrated in Figure 2, the Accused Retrofit Basket has sleeves disposed at the ends of the inner chamber and fixedly connecting the ends of the scraping edge to the supporting arms, as set forth in claim 1 of the '737 patent.

50. As illustrated in Figure 2, the Accused Retrofit Basket has bearings disposed between the supporting arms and the outer ring plates, where in the bearings are configured to connect to the ends of the rolling basket to allow the rolling basket to rotate around with respect to the elongated scraping edge, as set forth in claim 1 of the '737 patent. (*See* https://www.facebook.com/tricountyiron/videos/pcb.1751114368471822/1751114138471845/?type=3&theater.)

E.   **Tri-County's Willful Disregard of Summers's Patent Rights**

51. On November 7, 2016, counsel for Summers wrote a letter to Tri-County ("November 7th Infringement Notice Letter") to place Tri-County on actual notice that the Accused Scraper Kit and the Accused Retrofit Basket infringe at least claim 1 of the '439 patent

and claim 1 of the '737 patent. (Exhibit D hereto.) The letter demanded that Tri-County, *inter alia*, discontinue its manufacture, use and sale of the Accused Scraper Kit. The letter included patent infringement claim charts comparing the Accused Scraper Kit and Accused Retrofit Basket to claim 1 of the '439 patent and claim 1 of the '737 patent and demonstrating that the Accused Scraper Kit and Accused Retrofit Basket infringed those claims.

52. On November 17, 2016, Tri Country responded by letter ("November 17th Response Letter"), incorrectly asserting that it did not infringe mainly because "[u]nlike your Mounted Rolling Basket equipped with mounted mud scraper ("your product"), our product is retrofitted exclusively for the purpose of aftermarket. (Exhibit E hereto.) We do not make or sell rolling baskets but rather retrofit our product to a rolling basket that is the property of a third-party." Tri-County also incorrectly contended that it did not infringe based on a comparison of the preferred embodiment of patent figures and the Accused Scraper Kit.

53. On information and belief, Tri-County did not engage the assistance of counsel to review the allegations set forth in the November 7th Infringement Notice Letter.

54. On information and belief, nor did Tri-County rely in good faith on the advice of counsel in connection with the allegations set forth in the November 7th Infringement Notice Letter.

55. On information and belief, Tri-County did not rely on the assistance of patent counsel when it drafted the November 17th Response Letter.

56. On information and belief, Tri-County continues to manufacture, use and sell the Accused Scraper Kit for assembly to Accused Retrofit Basket in willful disregard of Summers' patent rights.

57. On information and belief, Tri-County's September 2, 2016 post on the Tri-County Facebook Page indicates that Tri-County had been aware of the Summers Basket before it received the November 7th Infringement Notice Letter.

## FIRST CAUSE OF ACTION

**(Infringement of U.S. Patent No. 9,326,439)**

58. Summers realleges and incorporates by reference paragraphs 1-57 of this Complaint, inclusive, as if fully set forth herein.

59. Tri-County has infringed and continues to infringe the '439 patent by its manufacture, use, sale, and/or importation of the Accused Scraper Kit within the United States or into the United States without authority from Summers.

60. On information and belief, Tri-County has assembled the Accused Scraper Kit into the Accused Retrofit Basket for purposes of, *inter alia*, demonstrating the operation, performance and function of the Accused Scraper Kit to potential customers and dealers and for the purpose of making promotional videos, advertising and photographs. (*See* Paragraph 28, *supra*.) Such acts constitute direct infringement of the '439 patent.

61. Dealers, end users, and any others who assemble the Accused Scraper Kit into the Accused Retrofit Basket, as well as those who sell or use the Accused Retrofit Basket, directly infringe the '439 patent.

62. Tri-County has contributed and continues to contribute to the direct infringement of the '439 patent by others, including dealers and end users, under 35 U.S.C. § 271(c), by its manufacture, use, sale, and/or importation of the Accused Scraper Kit within the United States or into the United States without authority from Summers. Tri-County knew, and knows, that its

Accused Scraper Kit was designed for a combination, *viz.*, the Accused Retrofit Basket, that was both patented and infringed by the '439 patent.  The Accused Scraper Kit has no use other than for assembly into the Accused Retrofit Basket.  In that regard, the Accused Scraper Kit has no substantial non-infringing uses.  Moreover, the Accused Scraper Kit is a material component of the Accused Retrofit Basket.

63. Tri-County has induced the direct infringement of the '439 patent by others, including dealers and end users, under 35 U.S.C. § 271(b), by (1) its manufacture, use, sale, and/or importation of the Accused Scraper Kit within the United States or into the United States; and (2) instructing, encouraging and otherwise inducing others to retrofit the Accused Scraper Kit to John Deere Baskets to make and use the knowingly infringing Accused Retrofit Basket, without authority from Summers.

64. On information and belief, Tri-County provides instructions and drawings directing purchasers on how to make the Accused Retrofit Basket.  (*See* Ex. C at p. 4.)  Tri-County advertises and promotes the infringing use of the Accused Retrofit Basket through its commercial, fully interactive website (http://www.tri-countyag.com/tri-countyiron.php) and YouTube and Facebook photographs and videos.  (*See generally* Ex. C.  *See also* paragraph 28, *supra*.)  On information and belief, Tri-County provides sales and technical support to assist its customers in making and using the infringing Accused Retrofit Basket.

65. By no later than the November 7th Infringement Notice Letter, Tri-County knew that each of the induced acts of assembling the Accused Scraper Kit into the Accused Retrofit Basket, and selling and using the Accused Retrofit Basket directly infringed the '439 patent.

66. At a minimum, and as demonstrated by its November 17th Response Letter, Tri-County has acted with willful blindness by disregarding the fact that it was highly probable that

the Accused Retrofit Basket, rather than the Accused Scraper Kit alone, directly infringes the '737 patent and that Tri-County was violating the '439 patent by the assembly, use and/or sale of the Accused Retrofit Basket by others.

67.     Tri-County's acts of infringement have caused damage to Summers.  Summers is entitled to recover from Tri-County the damages it has sustained as a result of Tri-County's wrongful acts in an amount subject to proof at trial.

68.     In addition, Tri-County's infringing acts and practices have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Summers for which there is no adequate remedy at law, and for which Summers is entitled to injunctive relief under 35 U.S.C. § 283.

69.     Tri-County has had actual notice of their infringement of the '439 patent prior to this lawsuit.

70.     Tri-County has committed and continues to commit acts of infringement under 35 U.S.C. § 271 with the Accused Scraper Kit.  In committing these acts of infringement, Tri-County acted despite an objectively high likelihood that their actions constituted infringement of at least one valid claim of the '439 patent.  Tri-County actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of the '439 patent.

71.     Tri-County's infringement of the '439 patent has been and continues to be willful.


## SECOND CAUSE OF ACTION

**(Infringement of U.S. Patent No. 9,462,737)**

72.     Summers re-alleges and incorporates by reference paragraphs 1-71 of this Complaint, inclusive, as if fully set forth herein.

73. Tri-County has infringed and continues to infringe the '737 patent by its manufacture, use, sale, and/or importation of the Accused Scraper Kit within the United States or into the United States without authority from Summers.

74. On information and belief, Tri-County has assembled the Accused Scraper Kit into the Accused Retrofit Basket for purposes of, *inter alia*, demonstrating the operation, performance and function of the Accused Scraper Kit to potential customers and dealers and for the purpose of making promotional videos, advertising and photographs.  (*See* Paragraph 28, *supra*.)  Such acts constitute direct infringement of the '737 patent.

75. Dealers, end users and any others who assemble the Accused Scraper Kit into the Accused Retrofit Basket, as well as others who sell or use the Accused Retrofit Basket directly infringe the '737 patent.

76. Tri-County has contributed and continues to contribute to the direct infringement the '737 patent by others, including dealers and end users, under 35 U.S.C. § 271(c), by its manufacture, use, sale, and/or importation of the Accused Scraper Kit within the United States or into the United States without authority from Summers.  Tri-County knew, and knows, that its Accused Scraper Kit was designed for a combination, *viz*., the Accused Retrofit Basket, that was both patented and infringed by the '737 patent.

77. On information and belief, the Accused Scraper Kit was designed to be retrofit specifically to the John Deere Baskets and no other brand or type farm implement.  The Accused Scraper Kit thus has no use other than for assembly into the Accused Retrofit Basket.  In that regard, the Accused Scraper Kit has no substantial non-infringing uses.  Moreover, the Accused Scraper Kit is a material component of the Accused Retrofit Basket.

78. Tri-County has induced the direct infringement of the '737 patent by others, including dealers and end users, under 35 U.S.C. § 271(b), by (1) its manufacture, use, sale, and/or importation of the Accused Scraper Product within the United States or into the United States; and (2) instructing, encouraging and otherwise inducing others to retrofit the Accused Scraper Kit to John Deere Baskets to make and use the knowingly infringing Accused Retrofit Basket, without authority from Summers.

79. On information and belief, Tri-County provides instructions and drawings directing purchasers on how to make the Accused Retrofit Basket. (*See* Ex. C at p. 4.) Tri-County advertises and promotes the infringing use of the Accused Retrofit Basket through its commercial, fully interactive website (http://www.tri-countyag.com/tri-countyiron.php) and YouTube and Facebook photographs and videos. (*See generally* Ex. C. *See also* paragraph 28, *supra*.) On information and belief, Tri-County provides sales and technical support to assist its customers in making and using the infringing Accused Retrofit Basket.

80. By no later than the November 7th Infringement Notice Letter, Tri-County knew that the induced acts of assembling the Accused Scraper Kit into the Accused Retrofit Basket and/or selling or using the Accused Retrofit Basket directly infringed the '737 patent.

81. At a minimum, and as demonstrated by its November 17th Response Letter, Tri-County has acted with willful blindness by disregarding the fact that it was highly probable that the Accused Retrofit Basket, rather than the Accused Scraper Kit alone, directly infringes the '737 patent and that Tri-County was violating the '737 patent by the assembly, use and/or sale of the Accused Retrofit Basket by others.

82. Tri-County's acts of infringement have caused damage to Summers. Summers is entitled to recover from Tri-County the damages it has sustained as a result of Tri-County's wrongful acts in an amount subject to proof at trial.

83. In addition, Tri-County's infringing acts and practices have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Summers for which there is no adequate remedy at law, and for which Summers is entitled to injunctive relief under 35 U.S.C. § 283.

84. Tri-County has had actual notice of their infringement of the '737 patent prior to this lawsuit.

85. Tri-County has committed and continues to commit acts of infringement under 35 U.S.C. § 271 with the Accused Scraper Kit. In committing these acts of infringement, Tri-County acted despite an objectively high likelihood that their actions constituted infringement of at least one valid claim of the '737 patent. Tri-County actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of the '737 patent.

86. Tri-County's infringement of the '737 patent has been and continues to be willful.

**PRAYER FOR RELIEF**

WHEREFORE, Summers prays for judgment as follows:

(a) A judgment that Tri-County has infringed one or more claims of the '439 patent;

(b) A judgment that Tri-County has infringed one or more claims of the '737 patent;

(c) An order and judgment temporarily, preliminarily, and permanently enjoining Tri-County, and their officers, agents, affiliates, franchisees, employees, and attorneys, and all those persons acting or attempting to act in concert or

participation with them, from further acts of infringement of the '439 and '737 patents;

(d) A judgment awarding Summers compensatory damages for Tri-County's acts of infringement, together with interest thereon;

(e) A judgment declaring that Tri-County's infringement has been willful and deliberate;

(f) A judgment awarding Summers treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Tri-County's willful and deliberate infringement of the '439 and '737 patents;

(g) A judgment declaring that this case is exception and awarding Summers its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

(h) A judgment granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Summers demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Michael S. Neustel					Date: December 9, 2016
Michael S. Neustel
NEUSTEL LAW OFFICES LTD
2534 South University Drive, Suite No. 4
Fargo, North Dakota 58103
Telephone	(701) 281-8822
Facsimile	(701) 237-0544

Attorney for the Plaintiff Summers Manufacturing Company, Inc.